UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY, et al.,

    Plaintiff,

v.                                         Case No.: 8:22-cv-287-MSS-AEP

SONNY GLASBRENNER, INC., et al.,

    Defendants.
_____/

**CONE & GRAHAM, INC.'S RESPONSE IN OPPOSITION TO EVANSTON INSURANCE COMPANY'S MOTION TO COMPEL SGI TO PRODUCE WITNESS WITH KNOWLEDGE AS TO AREAS OF INQUIRY FOR CORPORATE REPRESENTATIVE DEPOSITION OR IN THE ALTERNATIVE, MOTION TO PERMIT DEPOSITION OF LARRY HYMAN, AND MOTION TO COMPEL JOHN THANSIDES' ATTENDANCE AT DEPOSITION
[D.E. 63]**

Cone & Graham, Inc. ("C&G"), for itself and as assignee of Sonny Glasbrenner, Inc. ("SGI"),[1] submits its memorandum of law in opposition to Evanston Insurance Company's ("Evanston") Motion to Compel SGI to Produce Witness With Knowledge as to Areas of inquiry for Corporate Representative Deposition or In the Alternative, Motion to Permit Deposition of Larry Hyman, and Motion to Compel John Thanasides Attendance at Deposition [D.E. 63] ("Motion to Compel"), as follows:

---

[1] Although Evanston again complains in the Motion to Compel about the undersigned counsel's inability to produce present or former SGI employees for depositions, the filings in this action make it clear that our appearance on behalf of SGI is limited in nature and is solely in connection with C&G's status as SGI's assignee of SGI's rights against Evanston.

Page **1** of **13**

## I. Introduction

Evanston's Motion to Compel is Evanston's latest attempt to avoid the consequences of its decision to wait until the last minute before the original December 19, 2022 discovery deadline to attempt to schedule any depositions in this matter.

In this regard, on January 12, 2023 the Court conducted a hearing on, among other things, Evanston's Motion for Extension of Time to Extend Discovery Deadline ("Motion for Extension") [D.E. 46]. On January 13, 2023, the Court entered its endorsed Order memorializing its ruling at the January 12 hearing on Evanston's Motion for Extension and specifically ruled that "Evanston Insurance Company's deposition of John Thanasides must be completed on or before 2/2/2023." [D.E. 53].

In turn, after Evanston's counsel were unable to schedule Mr. Thanasides's deposition to occur during this time frame, instead of filing a second motion for extension of the discovery deadline as prescribed by Fed. R. Civ. P. 6(b) and Local Rule 3.08(a) to take Mr. Thansides' deposition, instead they sent a letter to the Court on January 26, 2023 (via email to chambers_flmd_porcelli@flmd.uscourts.gov) ("January 26 Letter"). [D.E. 55-1] The January 26 Letter sought to significantly expand the scope of additional discovery requested by Evanston (which it contended warranted an additional extension of the discovery deadline); for the first time, Evanston asked the Court to further extend the discovery deadline so that, in addition to taking Mr.

Thanasides' deposition, it would have additional time to depose Larry Hyman, the statutory Assignee in SGI's state court Assignment for Benefit of Creditors proceeding, "*In re: Sonny Glasbrenner, Inc.*, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, Civil Division, Case No.: 21-003289-CI-11" (the "ABC Proceeding"). At the February 3, 2023 hearing on the relief requested by Evanston in the January 26 Letter, the Court further extended the time for Evanston to take Mr. Thansides' deposition, through March 2, 2023, but ruled that it would be necessary for Evanston to file an additional motion to seek leave to schedule Mr. Hyman's deposition.

This brings us to the instant Motion to Compel, which was filed on February 14, 2023. The Motion to Compel acknowledges that while a Rule 30(b)(6) deposition of SGI has yet to occur, Evanston nevertheless seeks a ruling compelling SGI to produce a corporate representative to testify about all the topics included in its 30(b)(6) notice.[2] In this regard, the Motion appears to seek a ruling compelling SGI to produce a witness to testify about matters which are likely to be outside the scope of SGI's knowledge as a corporate entity, specifically topics 17 through 19 regarding various events which occurred during the ABC Proceeding. As noted by C&G in its oppositions to Evanston's Motion to Extend the Discovery Deadline and the January 26 Letter, it should have been readily apparent to Evanston that, by

---

[2] Evanston has noticed the Rule 30(b)(6) deposition of SGI and the deposition of Mr. Thanasides individually for March 1, 2023 and contends that it has served Mr. Thanasides with a subpoena. Assuming Mr. Thanasides has been served and these depositions go forward, the instant Motion will be moot in large part.

Page **3** of **13**

operation of Chapter 727, Florida Statutes, only Mr., Hyman would have had any knowledge about these topics. Regardless, however, Evanston made no attempt to notice Mr. Hyman's deposition or subpoena him prior to the original discovery deadline.[3]

Anticipating that the Court may be unwilling to compel SGI to either produce a corporate representative to testify about matters which SGI - as a corporation – had no involvement in or to produce Mr. Hyman as a corporate representative to testify about decisions he made while administering SGI's insolvent estate, Evanston for the first time has formally requested the Court to grant it leave to subpoena Mr. Hyman for deposition (the motion provides no time frame for the taking of this deposition). As it is undisputed that Evanston made no effort to schedule Mr. Hyman's deposition prior to the original December 19, 2022 discovery deadline, this request should be denied; Evanston knew or should have known that Mr. Hyman – not SGI as a corporate entity – was the individual with knowledge regarding the events which transpired during the ABC Proceedings.[4]

---

[3] C&G does not concede that any of the discovery requested by Evanston on topics related to the administration of the ABC Proceedings by Mr. Hyman, including the settlement between Mr. Hyman, Everest Denali Insurance Company("Everest"), and C&G and the stipulation between Mr, Hyman and C&G for the allowance of C&G's amended proof of claim against SGI, has any relevance to the issues in dispute in this action.

[4] The Motion also requests that the Court compel Mr. Thanasides to appear for deposition without being served with a subpoena. While the undersigned counsel do not represent Mr. Thanasides or SGI generally, we note that Mr. Thanasides is not a party (and is not a current officer, director, or managing agent of SGI). To the extent that Evanston has separately noticed his deposition as a fact witness, absent an agreement by Mr. Thanasides to voluntarily appear, Rule 45 requires that he be subpoenaed for his individual deposition. *See, e.g., Karakis v. Foreva Jens Inc.*, 2009 U.S. Dist. LEXIS 6356, at *3-4 (S.D. Fla. Jan. 19, 2009). The Motion also asks that SGI or its counsel be compelled to provide a current address for Mr. Thanasides; if the undersigned counsel had a current address for Mr. Thanasides, it would have been provided to counsel for Evanston.

### II. Legal Argument

#### a. Rule 30(b)(6) Does Not Obligate SGI to Produce a Corporate Representative to Testify About Topics Which SGI – As a Corporate Entity – Has No Knowledge Of

The Motion to Compel cites at length to *QBE Ins. Corp. v. Jorda Enterprises*, 277 F.R.D. 676, 687 (S.D. Fla. 2012), which discusses the general obligations of a corporation responding to a Rule 30(b)(6) deposition notice. Among other things, the *QBE Ins.* court noted that the "testimony of a Rule 30(b)(6) witness represents the *collective knowledge of the corporation*." 277 F.R.D. at 688. (Emphasis added) *QBE Ins.* in no way suggests that a corporation responding to a 30(b)(6) notice has an obligation to educate a witness about matters which are *not* within the "collective knowledge of the corporation," which, at least as to the topics in Evanston's 30(b)(6) notice regarding actions taken by Mr. Hyman as SGI's statutory Assignee, is the situation here. Once SGI – as an insolvent entity - filed the ABC Proceedings in Florida state court in July 2021, its assets and liabilities were transferred to Mr. Hyman to administer. As the court in *QBE Ins.* also noted, "[i]f a corporation genuinely cannot provide an appropriate designee because it does not have the information, cannot reasonably obtain it from other sources and still lacks sufficient knowledge after reviewing all available information, then its obligations under the Rule cease." *Id.* at 690. Just because Evanston has served a Rule 30(b)(6) notice on SGI which seeks testimony about "issues related to the resolution of the ABC Proceeding and settlement" [D.E. 63 at p. 9, n. 1] does *not* mean that the Rule imposes an obligation on SGI to educate

itself (or any corporate designee) about matters which SGI had no direct involvement, i.e., Mr. Hyman's decision-making process in his administration of SGI's insolvent estate.

As noted by C&G in prior filings in this action, it appears that SGI filed the underlying ABC Proceeding because it was faced with exposure to C&G's claim for property damage caused by its work on the Project. Per section 727.101, Fla. Stat., which states: "[t]he intent of this chapter is to provide a uniform procedure for the administration of insolvent estates, and to ensure full reporting to creditors and equal distribution of assets according to priorities as established under this chapter," an ABC Proceeding is a state court analogue to a Chapter 7 bankruptcy. As the Eleventh Circuit has explained:

> [A]n ABC [Proceeding] is a state-law alternative to bankruptcy. The idea is that bankruptcies have a spate of potentially useful but complex procedures and protections, while ABCs may offer a simpler and cheaper process. *See generally* Jeffrey Davis, *Florida's Beefed-Up Assignment for the Benefit of Creditors as an Alternative to Bankruptcy*, 19 U. Fla. J. L. & Pub. Pol'y 17 (2008). Entities may opt to use the ABC process because, in their particular circumstance, it's more flexible, faster, more private, and less supervised than bankruptcy. See Jonathan T. Edwards, *The Crossroads: The Intersection of State Law Remedies and Bankruptcy*, 18 J. Bankr. L. & Prac. 2, Art. 4 (April 2009). Florida courts have described the ABC as "an alternative to bankruptcy [that] allows a debtor to voluntarily assign its assets to a third party in order to liquidate the assets." *Hillsborough Cty. v. Lanier*, 898 So. 2d 141, 143 (Fla. 2d DCA 2005). ABCs and bankruptcies are alternative proceedings. An entity deliberately chooses to pursue one or the other.

*Ulrich & Weil (In re Nica Holdings),* 810 F.3d 781, 789 (11th Cir. 2015).

Under Chapter 727, an "assignor conveys to the assignee **all** of its assets as

defined in section 727.103(1), except such assets as are exempt by law from levy and sale under an execution. Collectively, these assets create an "estate." *See* § 727.103(9), Fla. Stat." *See Moffatt & Nichol, Inc. v. B.E.A. Int'l Corp.*, 46 So. 3d 869, 899 (Fla. 3d DCA 2010) (Emphasis in original). Pursuant to section 727.103(1), Fla. Stat., "Asset" means a "legal or equitable interest of the assignor in property, which includes anything that may be the subject of ownership, whether real or personal, tangible or intangible, including claims and causes of action, whether arising by contract or in tort." Accordingly, once SGI elected to file the ABC Proceeding in July 2021 and assigned all of its rights to any of its assets, including the Evanston Policy, to Mr. Hyman as the statutory Assignee, Mr. Hyman had the sole authority to enter into a settlement with Everest and to assign SGI's rights against Evanston to C&G. *See Ulrich & Weil, supra*, 810 F. 3d at 791 (discussing "broad power" of statutory assignee to carry out purpose of Chapter 727 assignment). In other words, no one employed by SGI during the time period it was an operating entity prior to the filing of the ABC Proceeding would have had anything to do with Mr. Hyman's actions during the administration of SGI's insolvent estate in the ABC Proceeding.[5] Accordingly, Mr. Hyman, as SGI's

---

[5] Per section 727.107, Florida Statutes, as a statutory Assignor, SGI had only limited, prescribed duties, specifically to (1) assist the assignee in the administration of the estate and comply with all orders of the court; (2) upon delivery of the assignment to the assignee, deliver to the assignee all of the assets of the estate in the assignor's possession, custody, or control, including, but not limited to, all accounts, books, papers, records, and other documents; and (3) within 30 days after the filing date, submit to examination by the assignee, under oath, concerning the acts, conduct, assets, liabilities, and financial condition of the assignor or any matter related to the assignee's administration of the estate.

statutory Assignee, would be the *only* individual with knowledge regarding his decisions to stipulate to the allowance of C&G's Amended Proof of Claim and to settle with Everest and C&G in connection with Everest's payment of its primary policy limit on behalf of SGI to G&G, decisions which were made exclusively in his capacity as the administrator of SGI's insolvent estate.

Evanson argues that if SGI has no employees available to testify about all of the topics listed in its 30(b)(6) notice, Rule 30 imposes an obligation on SGI to "retain … an outside employee," citing to *Martinez v. Majestic Farms, Inc.*, 2008 WL 239164 at *2 (S.D. Fla. Jan. 28, 2008), and *Marcelle v. Am. Nat'l Delivery, Inc.*, 2009 WL 4349985 at *2 (M.D. Fla. Nov. 24 2009). To the extent Evanston contends that SGI has an obligation to retain Mr. Hyman to testify about what he did in his capacity as the Chapter 727 assignee with responsibility for the handling of the ABC Proceeding (versus actions taken by SGI as an operating entity prior to the filing of the ABC Proceeding), neither of these decisions support Evanston's position here. *Compare Martinez* (witness produced as 30(b)(6) designee invoked his Fifth Amendment privilege and refused to answer any questions about corporate activities at issue in litigation) and *Marcelle* (corporation contended it had no available employees to testify about corporate activities at issue in litigation).

Both the plain language of the operative provisions of Chapter 727 and subsequent case law make it clear that SGI would have had no involvement in the Mr. Hyman's administration of SGI's insolvent estate in the ABC Proceeding.

Accordingly, the Court should not compel SGI to produce any Rule 30(b)(6) witness to testify about what transpired during the ABC Proceeding nor should it compel SGI to retain or otherwise produce Mr. Hyman to testify about he did independently as SGI's statutory Assignee.

> **b. Evanston Should Not Be Granted a Further Extension of the Discovery Deadline to Depose Mr. Hyman**

C&G objects to Evanston's request – made properly for the first time nearly two months after the expiration of the original discovery deadline – that Evanston should now be permitted to subpoena Mr. Hyman for deposition. As the above discussion reflects, Mr. Hyman, as SGI's statutory Assignee, would be the only individual with knowledge regarding topics in connection with the conduct of the ABC Proceeding, which Evanston now claims it should be given a further extension of the discovery deadline to depose Mr. Hyman about. *This should have been apparent to Evanston before the original discovery deadline expired in December 2022.* Because Evanston never raised its desire to depose Mr. Hyman prior to the expiration of the original discovery deadline, the Court should not now further extend the deadline to permit Evanston to depose Mr. Hyman on topics that have already been adjudicated in the ABC Proceeding and which are now the subject of a state court appeal by Evanston. *See* C&G's Response in Opposition to Evanston's Motion for Extension [D.E. 48, at pp. 3-5], and C&G's Response in Opposition to Evanston's Notice of Filing Correspondence in Response to Order on Motion for Extension of Time [D.E. 59, at p. 3, and D.E. 59-1]

While Evanston has previously argued in its January 26 Letter that it only learned SGI would not be able to produce a knowledgeable witness regarding SGI's, "or its Assignee's, conduct and participation" in the ABC Proceeding "[t]hrough the conferral process" with SGI's prior defense counsel [D.E. 55-1 at p. 2], as noted, the fact that Mr. Hyman would be the only witness who might be able to provide substantive testimony about these issues should have been apparent to Evanston by simply reviewing the operative provisions of Chapter 727 and relevant filings from the ABC Proceeding.

As review of Evanston's Motion for Extension shows, Evanston did not attempt to begin the process of scheduling any depositions in this matter – specifically, the depositions of C&G's expert and corporate representatives of C&G and SGI – until December 5, 2022, fourteen days before the December 19 discovery deadline. [D.E. 46 at p. 2, ¶ 10, and D.E. 46-3]. As Local Rule 3.04 provides that a "deposition by oral examination or written questions and a subpoena duces tecum require fourteen days' written notice," by waiting until December 5 to even begin the process of attempting to schedule these depositions, it would have been impossible for Evanston to conduct any depositions prior to the original discovery deadline absent an agreement by the undersigned counsel to waive the fourteen day notice period prescribed by Local Rule 3.04. As a professional courtesy and to avoid motion practice (and despite the very late notice), the undersigned counsel did not object to Evanston's failure to comply with Local Rule 3.04 and, instead, rearranged their schedules and the schedule of C&G's corporate representative,

Arther Birchall (who was also designated as C&G's damage expert) and produced Mr. Birchall for a deposition prior to the December 19 discovery deadline. *See* D.E. 48 at p. 7, ¶ 19.[6]

*Significantly, however, prior to its submission of the January 26 Letter to the Court in violation of Local Rule 3.01(j), Evanston never attempted to schedule Mr. Hyman's deposition.*

At bottom, the matters surrounding Mr. Hyman's and C&G's settlement with Everest and Mr. Hyman's stipulation to the allowance of C&G's Amended Proof of Claim were resolved in the ABC Proceeding; Evanston conducted no discovery in the ABC Proceeding in connection with any objection to these matters. Evanston's objections to the Everest settlement were overruled and the settlement was found to have been made in good faith, among other things. As noted, Evanston has now appealed the Approval Order. In an apparent collateral attack on that order, and notwithstanding the pendency of its state court appeal, Evanston seeks to depose Mr. Hyman in this action regarding his actions as the statutory Assignee of SGI's assets and liabilities, including the negotiation of the Everest settlement. None of

---

[6] On December 7, 2022, undersigned counsel advised counsel for Evanston that undersigned counsel was not in a position to produce a corporate representative for SGI and that SGI would need to be subpoenaed. [D.E. 46-4 at p. 1] That is because undersigned counsel merely represents SGI in the capacity <u>as its assignee</u> of SGI's claims against Evanston which has been clearly stated in the filings and discovery in this case. Undersigned has no attorney/client relationship with SGI and no ability to produce documents or witnesses on its behalf. *See* D.E. 48 at p. 6-7, ¶ 18.

this has any relevance in this proceeding. The sole issue present for resolution in this action is whether the Evanston Policy covers the Allowed Claim against SGI.[7]

### III.  Conclusion

C&G respectfully requests that Court deny the relief requested in the Evanston's Motion to Compel.

                                                        CAREY, O'MALLEY, WHITAKER,
                                                        MUELLER, ROBERTS & SMITH, P.A.
                                                        712 South Oregon Avenue
                                                        Tampa, Florida 33606
                                                        Ph.:  (813) 250-0577
                                                        Fax:  (813) 250-9898

                                                        By:/s/ <u>Michael R. Carey</u>
                                                             Michael R. Carey, Esq.
                                                             Florida Bar No. 259187
                                                            Email: mcarey@careyomalley.com
                                                            Secondary Email:
                                                           mrcast@careyomalley.com

                                                        and

---

[7] If C&G prevails against Evanston in this action, C&G reserves its rights to pursue extracontractual claims against Evanston in the future; any such claims are, however, premature until there has been an adverse coverage determination against Evanston in this action.

Page **12** of **13**

/s/ W. Gray Dunlap, Jr
W. Gray Dunlap, Jr.
Fla. Bar No. 0333220
Trial Counsel
W. Gray Dunlap, Jr., P.A.
146 Second Street North, Suite 310
St. Petersburg, Florida 33701
(813) 321-1770
(813) 418-8923 (Fax)
Primary email for service:
gdunlap@wgd-law.com

*Attorneys for Cone & Graham, Inc., for itself and as Assignee of Sonny Glasbrenner, Inc.*

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing Response in Opposition to Evanston Insurance Company's Motion to Compel SGI to Produce Witness With Knowledge as to Areas of inquiry for Corporate Representative Deposition or In the Alternative, Motion to Permit Deposition of Larry Hyman, and Motion to Compel John Thanasides Attendance at Deposition [D.E. 63] has been furnished electronically via the Court's CM/ECF system to all counsel of record on February 28, 2023.

/s/ W. Gray Dunlap, Jr.
Attorney